UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>ALTO CONSTRUCTION CO., INC.,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful race-based employment practices and to provide appropriate relief to Charging Party Steve Jackson ("Mr. Jackson") who was adversely affected by such practices. As alleged with greater specificity below, Alto Construction Co, Inc. ("Alto Construction") subjected Mr. Jackson to a hostile work environment based on his race and retaliated against him for engaging in protected conduct by terminating his employment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper because a substantial part of the events giving rise to Title VII violations occurred in the Middle District of Florida.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission" or "the EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Alto Construction is a construction contractor in the Tampa Bay and central Florida area.

5. Defendant Alto Construction is registered to do business in Florida, has continuously done business in Florida, and at all relevant times, employed at least 15 employees.

6. At all relevant times, Alto Construction has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

7. More than thirty days prior to the institution of this lawsuit, Mr. Jackson filed a Charge of Discrimination with the Commission alleging that Alto Construction violated Title VII.

8. On July 12, 2022, the Commission issued a Letter of Determination, finding reasonable cause to believe that Alto Construction discriminated against Mr.

Jackson on the basis of race and terminated his employment in retaliation for engaging in protected activity.

9. Prior to initiating this lawsuit, the Commission attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion, to remedy the discriminatory practices and provide appropriate relief.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11. Mr. Jackson is a Black male.

12. Mr. Jackson started working for Alto Construction on June 1, 2021 as an asphalt crew laborer and was assigned to an asphalt crew of approximately six or seven employees.

13. Throughout his employment with Alto Construction, Mr. Jackson was qualified for his position and performed his duties in a professional and competent manner.

14. There was only one other Black employee, Charles McRae, in Mr. Jackson's crew.

15. Chris Nichols (White) was the Site Supervisor for Mr. Jackson's crew. Nichols supervised the paving jobs for his assigned crew.

16. Shawn Thatcher (White) was the Asphalt Division Manager for Alto Construction. Thatcher's job duties included giving job assignments to supervisors and

crews and handling employee complaints.

17. Thatcher had the authority to fire Mr. Jackson.

18. Nichols reported to Thatcher.

19. Both Nichols and Thatcher were usually physically present at the job sites where Mr. Jackson and his crew were assigned to work.

20. During Mr. Jackson's employment, Nichols routinely used the word "nigger" (hereafter "n****r" or the n-word).

21. Thatcher was often present to hear Nichols use the word "n****r" and he took no action to correct Nichols' language or otherwise curb the behavior.

22. On Mr. Jackson's first day of work, Nichols approached Mr. Jackson to tell him that they "do a lot of locker room jokes here, don't get offended." Nichols went on to say, "we say the n-word here a lot."

23. Mr. Jackson made clear to Nichols that he objected to the n-word being used in any context, joke or not.

24. Later that day, Nichols commented out loud that employees are worked like "field n*****rs."

25. Nichols continued to use the word "n****r" daily.

26. For example, when Nichols noticed a truck from another crew dropping asphalt the wrong way, Nichols yelled, "Stop stupid n****r."

27. Thatcher and Nichols would direct locker-room type butt slaps at other crew members as a joke, but the conduct directed at the two Black crew members was more severe and degrading.

28. On one occasion, Mr. Jackson observed Thatcher pinching McRae's chest in a sexual manner.

29. When Mr. Jackson saw this conduct, he objected to the conduct and announced in front of the whole crew, including Thatcher and Nichols, that he did not want to be physically touched by any other employee.

30. On July 16, 2021, while Mr. Jackson was working, Thatcher placed a shovel between his (Thatcher's) legs to imitate a penis and rammed it violently into Mr. Jackson's buttocks, simulating anal intercourse.

31. Mr. Jackson felt scared and angry. Mr. Jackson objected to the conduct, shouting that Thatcher stop.

32. The rest of the crew witnessed the incident and laughed at what Thatcher had done to Mr. Jackson, at Mr. Jackson, and at Mr. Jackson's reaction.

33. Embarrassed and humiliated, Mr. Jackson went to sit in a company-owned truck to compose himself.

34. A few hours later, when the shift ended, Nichols approached Mr. Jackson and informed him his employment from Alto Construction was being terminated. Nichols indicated that Mr. Jackson's work had been good, but that Thatcher insisted on his termination.

35. As a result of Alto Construction's conduct, Mr. Jackson was harmed and suffered damages.

## STATEMENT OF CLAIMS

*Count I – Hostile Work Environment - Race*

36. As set forth in paragraphs 20-35, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Mr. Jackson to a hostile work environment on the basis of race.

37. As set forth in paragraphs 20-35, the hostile work environment culminated in the termination of Mr. Jackson's employment.

38. The effect of the practices complained of in paragraphs 20-35 has been to affect the terms and conditions of employment for Mr. Jackson, to deprive him of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race.

39. The unlawful employment practices complained of in paragraphs 20-35 were intentional.

40. The unlawful employment practices complained of in paragraphs 20-35 were done with malice or with reckless indifference to the federally protected rights of Mr. Jackson.

*Count II – Retaliation - Termination*

41. As set forth in paragraphs 20-35, Defendant engaged in unlawful employment practices, in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a)(1), by terminating Mr. Jackson's employment in retaliation for objecting to racially motivated conduct and, more generally, a racial hostile work environment.

42. The effect of the practices complained of in paragraphs 20-35 has been to

affect the terms and conditions of employment for Mr. Jackson, to deprive him of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race.

43. The unlawful employment practices complained of in paragraphs 20-35 were intentional.

44. The unlawful employment practices complained of in paragraphs 20-35 were done with malice or with reckless indifference to the federally protected rights of Mr. Jackson.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Alto Construction, its officers, agents, servants, managers, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based on race including, but not limited to, permitting a hostile work environment and/or retaliating against employees who engage in statutorily protected activity in the workplace;

B. Order Alto Construction to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black employees and which eradicate the effects of its past and present unlawful employment practices;

C. Order Alto Construction to make Mr. Jackson whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Alto Construction's unlawful employment practices including but not limited to reinstatement and/or front pay;

   D. Order Alto Construction to make Mr. Jackson whole, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

   E. Order Alto Construction to pay Mr. Jackson punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

   F. Grant such further relief as the Court deems necessary and proper in the public interest; and

   G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: September 30, 2022    Respectfully submitted,

            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION

            GWENDOLYN YOUNG REAMS
            Acting General Counsel
            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
            131 M Street, N.E.
            Washington, DC 20507

            ROBERT E. WEISBERG
            Regional Attorney
            Florida Bar No. 285676

            BEATRIZ BISCARDI ANDRE
            Supervisory Trial Attorney

New York Bar No. 4394599

s/Carter M. Sox
CARTER M. SOX
Trial Attorney
Florida Bar No. 116907
U.S. Equal Employment
Opportunity Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
(786) 648-5851